**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MACRO TRANSPORT, LLC** **CIVIL ACTION**

**VERSUS**

**NO. 25-120-BAJ-SDJ**

**ANAHUAC TRANSPORT, INC., et al.**

**ORDER**

Before the Court are a Motion to Intervene filed by Louisiana Workers' Compensation Corporation (R. Doc. 54) and a Motion for Leave to File Petition of Intervention filed by Canopius US Insurance, Inc. (R. Doc. 57). Neither Motion is opposed, and the deadline for filing an opposition has passed. *See* LR 7(f) (setting a 21-day deadline for filing an opposition). For the reasons set forth below, the Motion filed by LWCC is **denied without prejudice**, and the Motion filed by Canopius is **denied**.

## I. BACKGROUND

As brief background, this case arises out of a motor vehicle accident that occurred on January 6, 2025.[1] As alleged by Plaintiff, Ted Landry was driving an eighteen-wheeler during the course and scope of his employment with Macro Transport, LLC.[2] The brakes on a nearby eighteen-wheeler, owned by Anahuac Transport, Inc., and being driven by Paul Mayfield, locked up, allegedly "creating a sudden emergency to the driver of the Macro rig," resulting in damage to the Macro trailer and rig.[3]

---

[1] R. Doc. 1 at 1 ¶ 3.
[2] *Id.* at 2 ¶ 4.
[3] *Id.* at ¶ 5, 3 ¶ 8.

## II. LEGAL STANDARD

Both parties seek to intervene pursuant to Federal Rule of Civil Procedure 24, with LWCC specifying its request to intervene pursuant to Rule 24(a).[4] Rule 24, which governs interventions, states, in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> > (1) *In General*. On timely motion, the court may permit anyone to intervene who:
> >
> > > (A) is given a conditional right to intervene by a federal statute; or
> > >
> > > (B) has a claim or defense that shares with the main action a common question of law or fact.

"[A] party is entitled to an intervention of right if: (1) the motion to intervene is timely; (2) the potential intervenor asserts a 'direct, substantial [and] legally protectable' interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest." *Gallodoro v. Walton Isaacson, LLC*, No. 20-2163, 2020 WL 7183362, at *2 (E.D. La. Dec. 4, 2020) (citing *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247, 250 (5th Cir. 2009)).

---

[4] Canopius does not state in its Motion whether it is seeking to intervene as of right or permissively.

"In addition to the requirements of Rule 24(a), Fifth Circuit precedent dictates that in a diversity action, as here, the party seeking to intervene must independently meet the appropriate jurisdictional requirements." *Id.* (citing *Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010)). According to 28 U.S.C. § 1332(a)(1), a federal district court has original jurisdiction over any matter where the amount in controversy exceeds $75,000 and is between citizens of different states. Thus, "diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *DeVerney v. Westfield Ins. Co.*, No. 23-966, 2023 WL 11877878, at *2 (E.D. La. Mar. 21, 2023) (quoting *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). Additionally, jurisdiction must be apparent on the face of the complaint. *Gallodoro*, 2020 WL 7183362, at *2. "[A]nd so a petitioner in intervention must assert the basis for subject matter jurisdiction [over] its claims." *Wimberly v. Allstate Ins. Co.*, No. 10-1013, 2012 WL 730493, at *1 (E.D. La. Mar. 6, 2012).

District courts have supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, this broad grant of jurisdiction is not unlimited. 28 U.S.C. § 1367(b) specifies that "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title," a district court does not have supplemental jurisdiction over an intervenor's claims "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

"Therefore, to intervene in a diversity action, an intervening party must be completely diverse from opposing parties, and the intervening claim must assert an amount in controversy that

exceeds $75,000." *Gallodoro*, 2020 WL 7183362, at *3. "The lack of either element is sufficient to bar jurisdiction over claims that would otherwise be covered by supplemental jurisdiction." *Id.* (citing *Griffin*, 621 F.3d at 387) ("In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332."). "Even where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must independently satisfy the amount in controversy requirement." *Id.* (citing *Griffin*, 621 F.3d at 389) (satisfaction of the amount in controversy by the original plaintiffs does not confer supplemental jurisdiction over "those that do not independently satisfy the amount in controversy"). "It is of no consequence that it might be more logical or convenient to adjudicate the intervenor claims within the same suit, as 'convenience cannot supplant the unambiguous language of a jurisdictional statute.'" *Id.* (quoting *Griffin*, 621 F.3d at 389).

## III. ANALYSIS

### A. LWCC's Request to Intervene

Here, the Court finds that LWCC has not yet demonstrated an independent basis for this Court to exercise jurisdiction over LWCC's complaint in intervention. As alleged by LWCC, it was the workers' compensation carrier for Macro Companies, Inc., who employed third-party Defendant/Counterclaimant Ted Landry.[5] LWCC has paid indemnity, medical benefits, and vocational rehabilitation benefits "to and on behalf of" Landry for injuries he received while working in the course and scope of his employment totaling more than $134,800.00.[6] Per LWCC, "[a]ll payments were made as a result of [Landry's] claim for compensation benefits and pursuant to the terms of the insurance policy between intervenor and [Landry's] employer as a result of the

[5] R. Doc. 54-2 at 1.
[6] *Id.*

accident . . . and [LWCC] asserts its right to reimbursement as expressed in LSA-R.S. 23:1021 et seq."[7]

While the requisite amount in controversy appears satisfied, LWCC has failed to prove diversity of citizenship. In its proposed Complaint of Intervention, LWCC states that it is "a Louisiana corporation, duly authorized to do and doing business in the State of Louisiana."[8] This is not a proper allegation of citizenship. *See, e.g.*, 28 U.S.C. 1332 (c)(1) ("For the purposes of this section . . . a corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business."). Because LWCC has not properly alleged citizenship or shown how its intervention does not destroy diversity among the parties, the Court denies its Motion without prejudice.

**B. Canopius's Request to Intervene**

With regard to Canopius's request to intervene, the Court also finds that Canopius has not demonstrated an independent basis for this Court to exercise jurisdiction over its proposed Petition in Intervention. Canopius states that it "issued a policy of auto-property insurance and paid benefits to and on behalf of [Defendant/Counterclaim Plaintiff] Paul Mayfield."[9] Canopius "seeks permission to intervene in order to assert its subrogation interest."[10] Canopius also specifically alleges in its proposed Petition of Intervention that it has incurred costs totaling $37,875.00.[11] This amount is below the requisite amount in controversy of $75,000. Because the amount in controversy requirement is not satisfied, there is no independent basis for this Court to exercise jurisdiction over any claims by Canopius.[12] As such, its Motion is denied.

---

[7] *Id.* at 2.
[8] R. Doc. 54-1 at 1.
[9] R. Doc. 57 at 1.
[10] *Id.*
[11] R. Doc. 57-2 at 2 ¶ VI, 4 ¶ XIV, 5 ¶ XV.
[12] Additionally, the Court notes that Canopius did not properly assert its citizenship in its Petition for Intervention, such that the Court is unable to tell whether the parties are properly diverse. However, as the amount in controversy

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Motion to Intervene filed by Louisiana Workers' Compensation Corporation (R. Doc. 54) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Petition of Intervention filed by Canopius US Insurance, Inc. (R. Doc. 57) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 21, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

has not been met, meaning this Court does not have jurisdiction over Canopius's claim, the Court need not address the issue of Canopius's citizenship further.